# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joe Baltas, <br> on his own behalf and on behalf of <br> a Class of Similarly Situated Persons, <br> **PLAINTIFF(S).** <br><br> V. <br><br> Keefe Commissary Network, LLC., <br> Contracted Agent/Vendor of the <br> Massachusetts Department of Corrections, <br> In their Individual Capacity; <br><br> Access Corrections, d/b/a., <br> Contracted Agent/Vendor of the <br> Massachussets Department of Corrections, <br> In their Individual Capacity; <br><br> CT Corporations, <br> Agent of Keefe Commissary Network, LLC., <br> In their Individual Capacity; | CIVIL ACTION NO. <br> _____ <br><br> FILED <br> IN CLERKS OFFICE <br> 2021 JAN 20 PM 2: 55 <br> U.S. DISTRICT COURT <br> DISTRICT OF MASS. |

Thomas M. Tocci,
Grievance Coordinator for Massachusetts State Correctional Institution Souza-Baranowski,
In His Individual Capacity;

Steven P. Kenneway,
Superintendent of Massachusetts State Correctional Institution Souza-Baranowski,
In His Individual Capacity;

Carol A. Mici,
Commissioner of Corrections for the Commonwealth of Massachusetts,
In Her Individual Capacity;
DEFENDANT(S).

## A JURY TRIAL IS HEREBY DEMANDED

## PROPOSED CLASS ACTION

# COMPLAINT

## A. INTRODUCTION

1. The Plaintiff herein brings this Action on his own behalf and on behalf of a Class of Similarly Situated Persons pursuant to 42 U.S.C. §§ 1983 and 1988 and Federal Consumer Protection Laws against the Defendants for clear and egregious Violations of his Rights guaranteed under the United States Constitution ("U.S. Constitution"), Federal Laws inclusive of, but not limited to 15 U.S.C. § 45 and the State Consumer Protection Act - Massachusetts General Law, chapter ("M.G.L.c.") 93A. The Plaintiff proposes this Action be Granted Class Certification pursuant to Fed. R. Civ. P. 23.

## B. PRELIMINARY STATEMENT

2. The Plaintiff herein was at all times relevant to this Complaint a Prisoner within the Massachusetts ("Mass.") Department of Corrections ("DOC").

3. The Plaintiff alleges the Defendants acted individually and/or in concert under Color of Law and Color of their authority as Officials and/or agents for the Commonwealth of Mass. DOC to Willfully Violate State and Federal Consumer Protection Laws and

3

to fraudulently take advantage of the Mass. Prison Population and violate the Constitutional Rights of the Plaintiff.

4. Specifically the Plaintiff alleges the Defendants acting individually and/or in Concert did:

   a. falsely advertise goods had specific qualities, characteristics and capacities;
   b. Knowingly and willfully act with dishonesty, deceptions and fraud in consumer transactions;
   c. Intentionally refuse to act and/or cure, in bad faith, with the intent to continue engaging in fraud and deceptive practices;
   e. Conspire to any and/or all of the above.

## C. JURISDICTION AND VENUE

5. The Court has Jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 1332.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because one or more of the Defendants resides and/or has their personal place of business in the District of Mass., and the events giving rise to the claims described herein occurred in the District of Mass.

4

7. The Court has supplemental Jurisdiction over the Plaintiff's Claims of clear and egregious violations of State Laws under 28 U.S.C. § 1367. Additionally federal Action is authorized under M.G.L. c. 93A.

## D. PARTIES

8. The Plaintiff herein, Joe Baltas, Mass. DOC No. T97237, was at all times relevant to this Action a prisoner confined within the Mass. DOC housed at the Souza-Baranowski Correctional Center ("SBCC") in Shirley, Mass. He is currently housed in Red Onion State Prison, P.O. Box 1900, Pound, Virginia 24279, pursuant to an interstate compact.

9. The Proposed Class of Plaintiff(s) are all prisoners confined to a State Correctional facility in the Commonwealth of Mass. who was deceived by the false advertisements of the Defendants and purchased the goods and products claimed herein under those false and deceptive advertisements from Defendants.

10. The first named Defendant, Keefe Commissary Network, LLC., was at all times relevant to this Action the Chief Commissary Service provider to the Mass. DOC and has local business offices in Mass. and who's main office is located at 1260 Andes Blvd., St. Louis, MO 63132. Keefe is sued for damages in its Individual Capacity.

11. The Second named Defendant, Access Corrections (d/b/a), was at all times relevant to this Action a Subsidary/Agent/Contractor for Keefe providing commissary services to the Mass. DOC, who maintains local business offices in Mass. and whos main business office is located at 10880 Lin Page Place, St. Louis, MO 63132. Access is sued for damages in their Individual Capacities.

12. The third named Defendant, C T Corporations, was at all times relevant to this Action an agent of Keefe Commissary Network who operates as their local Mass. liason, and is located in Boston, Mass. C T Corp. is sued for damages in their Individual Capacity.

13. The fourth named Defendant, Thomas M. Tocci, was at all times relevant to this Action employed by the Mass. DOC as the Grievance Coordinator at S.B.C.C. in Shirley, Mass. He is sued for damages in his Individual Capacity.

14. The fifth named Defendant, Steven P. Kenneway, was at all times relevant to this Action employeed as the Superintendent of SBCC. in Shirley, Mass. He is sued for damages in his Individual Capacity.

15. The sixth named Defendant, Carol A. Mici, was at all times relevant to this Action the Commissioner of the Mass. DOC. She is sued for damages in her Individual Capacity.

16. All named Defendants were employees and/or Contractors/Agents of the Commonwealth of Mass. DOC, acting under Color of Law and/or Color of their Authority as officials of the Mass. DOC.

## E. CAPACITY OF DEFENDANTS

17. All named Defendants are sued in their Individual Capacities only.

## F. PREVIOUS LAWSUITS

18. The Plaintiff herein has Not brought any other lawsuits in State or Federal Courts dealing with these facts or Circumstances.

## G. PREVIOUS DISMISSED ACTIONS OR APPEALS

19. The Plaintiff has had No Actions or Appeals in either State or Federal Courts, which were dismissed as frivolous, malicious or for failure to state a claim upon which relief could be granted.

## H. EXHAUSTION OF ADMINISTRATIVE REMEDIES

20. Pursuant to the Prison Litigation Reform Act, codified under 42 U.S.C. § 1997e(a), the Plaintiff has exhausted his available remedies in accordance with Mass. DOC Regulations. Additionally, M.G.L. c 93A has exempted these claims from exhaustion requirements.

## I. FACTS

21. The Plaintiff entered the Mass. DOC in November 2018 and was transferred to SBCC in December.

22. Keefe Commissary Network ("Keefe") is the chief and sole Commissary provider for the Mass. DOC.

23. Mass. Prisoners have no alternative to order Commissary products and appliances except through Keefe, who all payments are made to.

24. Access Corrections ("Access") is a subsidiary vendor of Keefe and provides electronic appliances, and other items, to Mass. prisoners through Keefe and the DOC.

25. C T Corporations ("CT Corp.") is a local agent of Keefe and Access acting as liason.

26. In January 2019 Plaintiff was provided an "Access Corrections - Mass. DOC" Order form from SBCC prison staff advertising an 8 Giga-Byte ("GB") Edge Mini Player ("Tablet") for $106.24 and a 40 GB Tablet for $138.11.
— See Exhibit 1 "Order Form" —

27. Plaintiff opted to purchase the 40 GB Tablet based on the advertised GB amount, he placed his order releasing payment from his account to Keefe.

28. On Feb. 7, 2019 the Plaintiff's Order was processed, he payed a total of $157.24 to Keefe for the product.
— See Exhibit 2 "Reciept" —

29. Plaintiff purchased various content for his Tablet from Access and Keefe, such as music, games and movies amounting to over $800.00.

30. On or about April 1, 2019 Keefe and DOC distributed a new Advertisement for a 7 inch Tablet which specified 32 GB of which only 24 GB available to the purchaser.
— See Exhibit 3 "Advertisement" —

31. The GB specification of that advertisement led Plaintiff to investigate his own Tablet, by accessing the Tablet operating Sytems information.

32. Plaintiff discovered his Tablet's total available GB space was only 35.61 GB, a 4.39 GB (or 11%) deprivation of the advertised 40 GB.

33. This is a significant deprivation of the advertised value of these goods, inclusive of thousands of hours worth of content, and services.

34. On April 12, 2019 Plaintiff filed an informal complaint to no avail.
— See Exhibit 4 "Informal Complaint" —

35. On May 5, 2019 Plaintiff filed a formal Grievance seeking reimbursement or an exchange for the new 7in Tablet, as Plaintiff was willing to value the GB deprivation against the larger screen.
— See Exhibit 5 "Grievance" —

36. On May 10, 2019 SBCC Grievance Coordinator Thomas M. Tocci ("Tocci") acknowledged and admitted the characteristics and qualities of the Tablet were not as advertised, but expressly refused to provide any relief or compensation.
— See Exhibit 6 "Grievance Response" —

37. On May 19, 2019 Plaintiff filed an Appeal to SBCC Superintendent Steven P. Kenneway ("Kenneway"), who summarily denied the Appeal and refused to take any corrective actions.
— See Exhibit 7 "Appeal" —

38. On or about May 25, 2019 Plaintiff wrote to Commissioner Carol A. Mici ("Mici") requesting compensation and cessation of the deceptive practices, she did not respond or take any action to cure.

39. Under Mass. Law Tocci, Kenneway and Mici are "Mandated reporters" required to report and/or take actions to cure any violations of law or regulation.

40. Tocci, Kenneway and Mici took no action to cure the deceptive and false advertising of products being sold to their charges and allowed them to continue purchasing products under false pretenses.

41. On June 20, 2019 Plaintiff sent a civil demand letter to Keefe, Access and CT Corp. as well as Mici, via Certified Mail that was reciepted July 1, 2019 which requested relief and gave Notice of this action and the false advertisement.
— See Exhibit 8 "Civil Demand + Certification" —

42. Keefe, Access and CT Corp. did not respond, provided no offer to Plaintiff and took no action to cure the false advertisement. They continue to falsely advertise their products to Mass. prisoners to date.

43. Plaintiff is a Pro Se Prisoner Litigant entitled to liberal construction and liberal interpretation of his filings.

11

## J. FACTS COMMON TO CLASS

44. All proposed class members are and/or were prisoners confined to a State Correctional facility of the Mass. DOC, and all were consumers of Mass. DOC's privatized commissary services provided by the named Defendants.

45. All proposed class members were provided the order form which falsely and deceptively advertised the characteristics and qualities of the Tablets.

46. All proposed class members entered into consumer transactions with the named Defendants purchasing the Tablets under false and fraudulent advertisements.

47. All proposed class members were deceived by the named Defendants and were deprived of the advertised value, characteristics and capabilities of the products.

48. All the proposed class members have identical claims and are entitled to similar and/or identical relief.

## K. CLASS ACTION ALLEGATIONS

49. Plaintiff brings this Action on behalf of himself and all other

similarly situated and/or injured persons, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

50. Plaintiff seeks to represent a class consisting of all past, present and future prisoners of the Mass. DOC, who suffered the injury described herein.

51. The Class is so numerous that joinder of all members is impracticable. The proposed class consists of thousands of state prisoners.

52. The questions of law and fact are common to the members of the class.

53. The claims of the Plaintiff are typical of the proposed class.

54. This action is maintainable as a Class Action pursuant to Fed. R. Civ. P. 23 (b)(2) and (b)(3) because all Defendants have refused to cure and subjected the proposed class to identical injuries and the relief of the Class is identical. Additionally, individual action would unnecessarily and unduly overburden the Court.

55. The Plaintiff is capable of adequately and fairly representing the interests of the Class. Plaintiff does not have interests that are inconsistent with those of the Class.

# L. CAUSES OF ACTION

## FIRST CAUSE

1. Paragraphs 1-55 are hereby restated and made 1-55 of this Cause.

56. The named Defendants, both individually and/or in concert, through their actions and/or failures to act did engage in deceptive and fraudulent advertisements and acts in consumer transactions in violation of 15 U.S.C. § 45 and any other applicable federal law.

57. The actions and/or failures to act of the named Defendants did violate the Rights of the Plaintiff(s) guaranteed to him under the U.S. Constitution and Federal Laws as well as 42 U.S.C. §§ 1983 and 1988.

58. Plaintiff(s) seeks Damages against the named Defendants, Declaratory Relief, and a referral to the Federal Trade Commission to act on the facts asserted herein.

## SECOND CAUSE

1. Paragraphs 1-58 of the First Cause are hereby restated and made 1-58 of this Cause.

59. The named Defendants, both individually and/or in concert, through their actions and/or failures to act did engage in deceptive

14

fraudulent and unfair actions in consumer transactions in violation of M.G.L. c. 93A and the Rights of the Plaintiff(s) as guaranteed by State Law, the U.S. Constitution and 42 U.S.C. §§ 1983 and 1988.

60. Plaintiff(s) Seek Damages against the named Defendants, Declaratory Relief, and referral to the Mass. Attorney Generals Office to Act on the facts asserted herein pursuant to M.G.L. c. 93A(6).

## THIRD CAUSE

1. Paragraphs 1-60 of the Second Cause are hereby restated and made 1-60 of this Cause.

61. The Plaintiff is a Pro Se litigant entitled to liberal Construction and liberal interpretation of this Complaint and hereby claims any cause of action and/or relief he has not expressly articulated herein that the Court may be aware through liberal interpretation.

62. Plaintiff(s) seek any and all damages, equitable relief or other such relief as he and/or the class may be entitled to.

# M. PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) Seek Declare and/or Certify this Action as a Class Action;

WHEREFORE, Plaintiff(s) Seek Appointment of Counsel;

WHEREFORE, Plaintiff(s) Seek Declaratory Relief;

WHEREFORE, Plaintiff(s) Seek Costs of Suit;

WHEREFORE, Plaintiff(s) Seek Compensatory Damages;

WHEREFORE, Plaintiff(s) Seek Punitive Damages;

WHEREFORE, Plaintiff(s) Seek Reasonable Attorneys Fees;

WHEREFORE, Plaintiff(s) Seek Referral to the Appropriate State and Federal Agencies to Investigate and/or Act on these Facts and Claims;

WHEREFORE, Plaintiff(s) Seek All other Relief Deemed Just and Equitable that they are Entitled to.

## A JURY TRIAL IS HEREBY DEMANDED

Respectfully Submitted
The Plaintiff(s)


_Joe Baitas_
Joe Baitas, PRO SE
Red Onion State Prison
P.O. Box 1900
Pound, VA 24279

MA # T97237
VA # 2051693

# N. VERIFICATION

Pursuant to 28 U.S.C. § 1746 I, Joe Baitas, Declare and Verify, under penalty of perjury under the laws of the United States of America, that I have read the foregoing Complaint and that it is True and Factual to the Very Best of my Knowledge and Belief.

Executed on this 11th day of January 2021 in the County of Wise, Virginia.

By the Plaintiff

_Joe Baitas_
Joe Baitas, PRO SE