UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOE BALTAS, *On his on behalf and on behalf of a Class of Similarly Situated Persons*,

        Plaintiffs,

        v.

KEEFE COMMISSARY NETWORK, LLC, et al.,

        Defendants.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Civil Action No. 21-cv-10105-ADB

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

    *Pro se* plaintiff Joe Baltas, who is presently incarcerated at the Red Onion State Prison in Virginia, brings this action concerning a purchase he made at the prison commissary when he was confined at the Souza-Baranowski Correctional Center ("SBCC") in Massachusetts.  At issue is whether it violates federal or state law to advertise a computer tablet as having 40 GB of storage when it appears to only have only 35.61 GB storage, inclusive of the space used for the operating system.  Baltas, who represents that he spent approximately $139 for said tablet[1] and another $800 for content to download on the device, asserts that it is.  Baltas brings this action as a "Proposed Class Action."  For the reasons stated below, the Court will dismiss this action for lack of subject matter jurisdiction.

---

[1] Baltas's allegations about the amount he paid for the tablet appear to be inconsistent, but the differences between the amounts are so minor that the Court will simply treat $139 as the price of the tablet.

I.      **Complaint**

A.      **Factual Allegations**

Baltas claims that on January 19, 2019, he ordered a computer tablet which was characterized on the Department of Correction's "Media Order Form" as having "40 GB" in storage.  Baltas relied on the representation on the Media Order Form in making the purchase. Upon inspecting the tablet's operating system several months later, Baltas "discovered his tablet's total available GB space was only 35.61 GB, a 4.39 GB (or 11%) deprivation of the advertised 40 GB."  Compl. ¶ 32.

Baltas submitted an informal prison grievance concerning this matter, which was denied because the 4.39 GB in question was purportedly present but was being used by the operating system.  Baltas then submitted a formal grievance, reporting that the total operating space available on his tablet was 35.61 GB, inclusive of the space used for the operating system. SBCC Grievance Coordinator Thomas Tocci denied the grievance on the ground that, "[f]or each gigabyte that a drive manufacturer claims, it is over-reporting the amount of disk space."  Compl. Ex. 6 [ECF #1-3 at 12].  SBCC Superintendent Steven Kenneway denied Baltas's subsequent appeal.  Baltas's correspondence to DOC Commissioner Mici went unanswered.  Neither Tocci, Kenneway, or Mici took any actions "to cure the deceptive and false advertising of products being sold to their charges and allowed them to continue purchasing products under false pretenses.  Compl. ¶ 40.

B.      **Claims for Relief and Proposed Class**

Baltas brings three causes of action.  In his first cause of action, Baltas asserts that the defendants "did engage in deceptive and fraudulent advertisement and acts in consumer transactions in violation of 15 U.S.C. § 45 and any other applicable federal law."  *Id.* ¶ 56.

Baltas further claims that "[t]he actions and/or failures to act" of the defendants violated his rights "under the U.S. Constitution and federal laws as well as 42 U.S.C. ¶¶ 1985 and 1988." *Id.* ¶ 57.

In the second cause of action, Baltas claims the defendants violated Chapter 93A of the Massachusetts General Law ("Chapter 93A") and his rights "as guaranteed by state law, the U.S. Constitution and 42 U.S.C. ¶¶ 1985 and 1988." *Id.* ¶ 59. In the third cause of action, Baltas asserts that, because he is a *pro se* litigant "entitled to liberal construction and liberal interpretation of this complaint," he "claims any cause of action and/or relief he has not expressly articulated herein that the Court may be aware through liberal interpretation. *Id.* ¶ 61. In his prayer for relief, Baltas does not identify the amount of damages he seeks as an individual plaintiff or the amount to be sought by the proposed class.

Baltas names as defendants the Massachusetts Department of Correction ("DOC"); SBCC Grievance Coordinator Tocci, SBBC Superintendent Kenneway; DOC Commissioner Mici; Keefe Commissary Network ("Keefe,") which, according to Baltas, is "the chief and sole commissary provider for the Mass. DOC"; Access Corrections, a "subsidiary vendor of Keefe [which] provides electronic appliances, and other items to Mass. Prisoners through Keefe and the DOC"; and, CT Corporations, "a local agent of Keefe and Access acting as liaison." *Id.* ¶¶ 22, 24, 25.

Baltas's proposed class consists of all persons who were or are confined at a DOC facility who (1) were provided the "Media Order Form" which allegedly "falsely and deceptively advertised the characteristics and qualities of the tablets:" (2) "entered into consumer transactions with the named defendants purchasing the tablets under false and fraudulent

advertisements;" and (3) "were deceived by the named defendants and were deprived of the advertised value, characteristics and capabilities of the products." *Id.* ¶¶ 44-47.

## II.     Subject Matter Jurisdiction

A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). "The existence of subject-matter jurisdiction 'is never presumed.'" *Fafel*, 399 F.3d at 410 (quoting <u>V</u>iqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)). Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Generally speaking, federal district courts may exercise jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332"). Notwithstanding, where parties seek certification of a class for a cause of action under state law, the requirement of diverse citizenship is relaxed, but the aggregate sum of the class members' claims must exceed $5 million, exclusive of interest and costs. *See* 28 U.S.C. §1332(d)(2), (6).

### A.     Federal Question Subject Matter Jurisdiction

Here, subject matter jurisdiction does not exist under § 1331. In his first cause of action, Baltas purportedly brings a claim under 15 U.S.C. § 45. Although this statute states that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or

practices in or affecting commerce, are. . . unlawful," 15 U.S.C. § 45(a)(1), the statute does not give private litigants the right to bring an action to enforce this prohibition.  *See In re SuperValu, Inc.*, 925 F.3d 955, 963 (8th Cir. 2019); *Norris v. Fairbanks Capital Corp.*, 178 Fed. App'x 401, 403 (5th Cir. 2006) (per curiam); *American Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992); *Ferreira v. Sterling Jewelers, Inc.*, 30 F. Supp. 3d 471, 476 n.5 (D. Mass. 2015).  Rather, the statue gives the Federal Trade Commission authority to prevent certain "persons, partnerships, or corporations . . . from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce."  15 U.S.C. § 45(a)(2).

Baltas also states in both his first and second causes of action that he is bringing claims under 42 U.S.C. § 1983 and 1988.  However, 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Likewise, 42 U.S.C. § 1988 is not a source of substantive rights; it allows for the award of attorney's fees for a prevailing party in a federal civil rights case.

Baltas does not identify any other specific federal law under which his claims could arise. Even construing the complaint very liberally because of Baltas's *pro se* status, the Court cannot discern a claim under federal law that would be supported by Baltas's alleged facts.

### B.    Diversity Subject Matter Jurisdiction

Setting aside the question of class certification, the Court lacks diversity subject matter jurusdiction over Baltas's claims under state law because he has not alleged facts from which the Court may reasonably infer that the amount in controversy exceeds $75,000.  Baltas's claim concerns a single computer tablet that he purchased for approximately $139 which allegedly

contained eleven percent less storage than the amount advertised.  In his Chapter 93A demand letter to Keefe, Baltas sought "$389.00 (approx. 3 times the value of the tablet) as punitive damages for your intentional and violative conduct," and he does not ask for any other type of relief in the document.  Compl.  Ex. 8 [ECF #1-3 at 17].  Further, he does not ask for a specific amount of damages elsewhere in the complaint.

Moreover, the Court does not have diversity subject matter jurisdiction over this action if it were to treat the lawsuit as a potential class action.   Even if the Court were to assume that each class member was entitled to $750 in damages for purchasing a $139 computer tablet with eleven percent less storage than advertised, the class would have to have at least 6,667 members to meet the jurisdictional amount in controversy.  Given that, by Baltas's own proposed class definition, all class members must have been misled by the DOC Media Order Form, there is no basis to conclude that the class would be numerous enough meet that threshold.

## III.    Conclusion

Accordingly, for the reasons stated above, the Court hereby orders that this action be DISMISSED without prejudice for lack of subject matter jurisdiction.  All motions shall be terminated as moot and no filing fee is assessed.

IT IS SO ORDERED.


   5/13/2021                              /s/ Allison D. Burroughs
DATE                                    UNITED STATES DISTRICT JUDGE